BUD JAMESON V. THE STATE.

*No. 710.    Decided November 4.*

**1. Constitutional Law — Legislative Act— Emergency Clause.—** Section 39 of article 3 of the Constitution provides, that " no law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in the preamble or in the body of the act, the Legislature shall, by a vote of two-thirds of all the members elected to each house, otherwise direct," etc. *Held*, that the act approved March 15, 1893, General Laws of Twenty-third Legislature, page 27, changing and fixing the time for holding the courts in the Thirty-third Judicial District, though not expressly using the term " emergency," is a sufficient and substantial compliance with the constitutional provision in providing, as is done in the body or third section of said act, that " the crowded state of the docket of the District Court of Comal County, and this fact, together with the increasing business in the District Court of said Comal County, creates an imperative public necessity which justifies a suspension of the constitutional rule requiring bills to be read on three several days in both houses, and the same is hereby suspended, and that this bill become a law and take effect from and after its passage."

**2. Continuance.—**Where defendant's application for a continuance was for a witness by whom he expected to prove certain statements made by a prosecuting witness which would exonerate him (defendant) from the theft charged, and it appears that at the trial defendant neither asked said prosecuting witness if he had made such statements, nor laid a predicate to impeach said witness, *held*, that he could not be heard to complain that his application for continuance had been overruled.

**3. Theft of Horse—Charge of Court—Purchase.—**On a trial for horse theft, where the defense was a purchase, and the court charged the jury, in effect, that if the horse was originally taken by defendant from the owner, and afterwards he fraudulently pretended to purchase him from another, whom he knew was not the owner, that such purchase would not avail as a defense: *Held*, that the charge was correct.

**4. Practice— Complaining of Errors not Apparent of Record.—** Errors pointed out in brief of counsel with regard to the verdict, but which do not appear in the transcript on appeal, are not legitimate subjects of complaint.

APPEAL from the District Court of Uvalde.    Tried below before Hon. EUGENE ARCHER.

Appellant was convicted of horse theft, his punishment being assessed at five years in the penitentiary.

The theory of the defense was, that Robert Kelley, the alleged owner of the stolen animal, had traded the horse to Joseph Kelley, and that Joseph Kelley had traded the horse to defendant, authorized him to get the horse, and that in pursuance of this trade and authority defendant took the horse.

The eighth and ninth paragraphs of the court's charge to the jury are as follows, viz.:

"But if you believe from the evidence, beyond a reasonable doubt, that said horse, at the time he was taken by defendant, if taken by him at all, was the property of Robert H. Kelley, and defendant knew that. fact, and that the purchase by the defendant from Joe Kelley was not made in good faith, but was fraudulent, then you will find the defendant. guilty; provided, however, all the other ingredients of theft, as theft has heretofore been defined to you, have been proven beyond a reasonable doubt.

"If the purchase of said horse by the defendant was not made in good faith, and defendant knew when he purchased him that Joe Kelley was not the owner, and had no right to sell him, and that said horse was not delivered to defendant under said purchase, but was originally taken by the defendant from the possession of Robert H. Kelley, then said purchase will not avail defendant as a defense in this prosecution."

*W. N. Parks*, for appellant.     .

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of theft of a horse, and his punishment fixed at five years confinement in the penitentiary, from which he appeals.

1. Appellant complains that the court erred in holding the term of the District Court at which he was convicted, beginning July 10, and ending August 7, 1893, because the same was held without authority of law; that the court was held under and by virtue of an act passed by the regular session of the Twenty-third Legislature, which adjourned on the 9th of May, 1893; that the act, though approved March 15, 1893, did not go into effect until ninety days after adjournment, as there was no emergency clause stated in the body of the act; that without such clause it could not go into operation from passage. Const., art. 3, sec. 39. That the act in question has a "public necessity clause," but the only effect of that was to suspend the constitutional rule requiring bills to be read on three several days and put the bill on immediate passage. Art. 3, sec. 32.

We are of opinion that section 3 of the act, which is to be found on page 27 of the Acts of 1893, while not expressly using the term "emer-- gency," clearly sets forth the reason, which the Legislature thought suf--

ficient, not only to put the bill on its immediate passage, but to make it take effect from passage. It therefore does appear from the body of the bill there was an emergency stated therein.

2. There was no error in overruling the continuance. Appellant shows that he had applied for an attachment for one Will Bennett, who lived in Bandera County. That the writ was returned "not found in Bandera County;" that appellant expected to prove by said witness that the State's witness Robert Kelley had stated, he had traded the horse alleged to be stolen to Joseph Kelley, and he knew appellant had not stolen it. If the appellant expected to prove this, he made no effort to do so on trial. The appellant should have asked the witness Robert Kelley if he had made such a statement, and laid the predicate for an impeachment. Laverty case, just decided.

3. We see no error in the eighth and ninth paragraphs of the charge, which submitted to the jury the proposition, that if the purchase of the horse from Joe Kelley by appellant was not made in good faith, but appellant knew Joe Kelley was not the owner and had no right to sell it, and that the horse was not delivered to appellant, but was *originally taken* by him from the possession of Robert Kelley, then such purchase would be no defense in a prosecution for theft, and the charge was correct.

4. The errors in the verdict, pointed out in the brief of counsel, do not appear in the transcript. The evidence clearly supports the conviction. The charge was an admirable presentation of the law to the jury.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.